IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

RODNEY OCEPEK, et al., )
)
    Plaintiffs, ) Case No.:
)
vs. )
)
ROZELL ENGINEERING CO., et al, )
)
    Defendants )

## NOTICE OF REMOVAL

Defendants Westgate Marketing, LLC, Westgate Resort Sales, Inc., and Westgate Resorts, Limited Partnership, (collectively, "Westgate") remove this action from the Circuit Court of Taney County, Missouri, to the United States District Court for the Western District of Missouri under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, with full reservation of all defenses. In support of this removal, Westgate states as follows:

### I.
### BACKGROUND

1. On November 5, 2020, Plaintiffs filed their Class Action Petition in Taney County, Case No. 2046-CC00258.

2. Rozell Engineering Co. (hereinafter "Rozell") first appeared in this case by filing a Motion to Dismiss on August 30, 2021.

3. Nearly one year after the Petition was filed, on October 13, 2021, Plaintiffs served Westgate with the Petition.

4. The Petition appears to be two unrelated lawsuits: (1) claims against Defendant Rozell relating to Plaintiffs' purported purchases of undeveloped residential real property; and (2)

putative class claims against Westgate Defendants relating to Plaintiff's purported purchases of timeshares.[1] Copies of the Summonses and Petition are attached hereto as **Composite Exhibit A**.

5. In the Petition, Plaintiffs' first five counts relate to Defendant Rozell and the undeveloped real property. There are 72 sets of Plaintiffs listed in the caption of the Petition and 69 sets of Plaintiffs identified in the General Allegations portion of the Petition. Plaintiffs allege that they each purchased undeveloped residential real property for between $62,000 to $80,000. Petition at ¶ 79. Using simple arithmetic, Plaintiffs' are alleging they spent $4,278,000 to $5,760,000 on this undeveloped residential real property.

6. Plaintiffs' four putative class counts all relate to Westgate Defendants and the sale of timeshares. Although there are no factual allegations, Plaintiffs' putative class claims assert that Westgate Defendants charged purported "document preparation" fees that constitute the unauthorized practice of law. Petition at ¶¶ 1-37 (pages 26-33) and ¶¶ 143-153 (pages 33-34)[2]. Plaintiffs seek to certify a class of all persons who paid a document fee to Westgate Defendants in connection with timeshare contracts signed in Missouri, or which relate to timeshare interests located in Missouri. Petition at ¶ 12 (page 28).

7. Plaintiffs also allege that one of the common questions to be resolved for the putative class is whether Westgate Defendants engaged in fraud, unfair practices, material

---

[1] As to the first part of this action, and the claims relating to Plaintiffs' purported purchases of undeveloped residential real estate, Plaintiffs previously asserted the same claims in a separate action filed in 2017. *Ocapek, et al. v. Emerald Pointe, et al.*, No. 1746-CC00087 in the Taney County Circuit Court. The Court ultimately dismissed Plaintiffs' claims in the 2017 action. However, the first part of this action, which includes the claims against Rozell, is nearly identical to the 2017 action.

As to the second part of this action, and the putative class claims, there are no factual allegations relating to timeshare purchases. These claims were not part of the 2017 action.

[2] Defendants list the page numbers because Plaintiffs' paragraph numbering is inconsistent throughout the Petition. Defendants also re-assert the same substantive allegations in connection with a purported second class of persons. Petition at pages 36-46. Defendants do not include citations to the purported second class because it appears to be identical to the purported first class.

2

Case 6:21-cv-03288-JAM    Document 1    Filed 11/12/21    Page 2 of 9

omissions, and/or deceptive practices. Petition at ¶ 15.g. (page 29). And, Plaintiffs allege that Westgate Defendants engaged in sales practices that were deceptive, misleading, unfair, fraudulent, and unreasonable, including by omitting, concealing, and/or suppressing material facts during the sales. Petition at ¶ 31 (page 32).

8. For damages, Plaintiffs allege that they seek a refund of the purported "document preparation" fees, statutory treble damages, attorney's fees, interest, and punitive damages. Petition at ¶ 6 (page 27). In the Relief Requested portion of the Petition, Plaintiffs further seek, *inter alia*, rescission of all contracts between Westgate Defendants and members of the putative class. Petition at subpart f. (page 35).

9. As set forth below, the value of the relief requested for the class of persons Plaintiffs seek to represent is well within the Court's jurisdiction pursuant to the Class Action Fairness Act.

## II.
## JURISDICTION PURSUANT TO CAFA

10. The Class Action Fairness Act of 2005 (CAFA) grants federal courts diversity jurisdiction over putative class actions that have: (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6); *see also City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F.Supp.2d 1035, 1039 (E.D. Mo. 2013).

11. This case, as Plaintiffs have pled it, is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" is defined as any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

3

12. Further, as set forth below, there is minimal diversity among the parties, and the prospective class meets the numerosity and amount in controversy requirements. As such, this Court has jurisdiction over this matter.

**A.** **Commencement of the action**

13. Plaintiffs commenced this action on or about November 5, 2020, by filing a petition in the Circuit Court of Taney County, Missouri. *See* Petition (attached as part of **Exhibit A**).

14. Accordingly, this action was commenced after CAFA's effective date.

**B.** **Minimal Diversity**

15. CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. An individual's citizenship is determined based on their domiciliary. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (internal citations omitted) ("[…] the terms 'domicile' and 'citizenship' are synonymous. To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely…. Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile.").

17. Citizenship is determined at the time the Complaint or Amended Complaint is filed. *See* 28 U.S.C. § 1332(d)(7). In this case, that date is November 5, 2020.

18. Plaintiffs' putative class includes "thousands" of customers who entered into contracts with Defendants in the State of Missouri, "and the members of the class are so numerous" that Defendants must assume that, at the time the Petition was filed, Plaintiff class members were domiciled in Missouri and many other states. Petition, ¶ 13.

19. Defendant Westgate Marketing, LLC, is a limited liability company, formed under the laws of the State of Florida, and having its principal place where it conducts its business in

Orlando, Florida. Westgate Marketing, LLC, is thus a citizen of Florida only. *See* attached as **Exhibit B**, Declaration of John Willman.

20. Defendant Westgate Resort Sales, Inc., is a corporation organized in the State of Florida, and having its principal place where it conducts its business in Orlando, Florida. Westgate Resort Sales, Inc., is thus a citizen of Florida only. *Id.*

21. Defendant Westgate Resorts, Limited Partnership, is a limited partnership whose partners, Westgate Resorts, Inc. and DAS Irrevocable Trust, are both organized in the State of Florida, and having their principal place where it conducts its business in Orlando, Florida. Westgate Resorts, Limited Partnership, is thus a citizen of Florida only. *Id.*; *see also Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (noting "the citizenship of a limited partnership is the citizenship of each of its partners").

22. Westgate has satisfied its initial burden of showing that there is minimal diversity as between a plaintiff putative class representative and a defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also, e.g.*, *Baker v. NNW, LLC*, Case No. 15-00222-CV-W-GAF, 2015 WL 12843832, at *2 n.1 (W.D. Mo. 2015) ("Minimal diversity requires only that any member of the class of plaintiffs is a citizen of a different state from any defendant.'" (citation omitted)).

**C.** **Numerosity**

23. CAFA applies only to class actions in which the number of members of all proposed plaintiff classes in the aggregate is 100 or greater. *See* 28 U.S.C. § 1332(d)(5)(B).

24. Plaintiffs purport to represent "the Class consisting of all persons or other entities who were charged and who paid a document fee to Defendants, and who entered into said contracts in the State of Missouri and/or related to timeshares and packages relating to property in the State of Missouri." Class Action Petition, ¶ 12.

25. While Plaintiffs do not specifically state a number for the size of the proposed class, they allege that there are "thousands of consumers who were charged said document fees," and that the number of class members "are so numerous that it is impractical to bring all of them before the Court in this action." *Id.* at ¶ 13.

26. Accordingly, this action, as alleged by Plaintiff, classifies as a "class action" under 28 U.S.C. § 1332(d)(1)(B) for removal purposes, and based on Plaintiffs' allegations, satisfies the numerosity requirement.

**D.** <u>**Amount in Controversy**</u>

27. Removal under CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(d)(2). In order to determine whether the amount in controversy exceeds this sum, the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

28. Plaintiffs do not allege the total amount in controversy presented by the claims of the purported class members.

29. But, Plaintiffs describe the categories of damages they seek. For the four putative class claims they assert, Plaintiffs seek, *inter alia*, rescission of all contracts entered into between Defendants and members of the Class, compensatory damages, treble damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. Petition at pages 34-36.

30. Westgate Defendants' sales to persons who would be included in Plaintiffs' putative class,[3] from 2015 to 2020, would exceed $140 million. *See* **Exhibit B**.

---

[3] Westgate Defendants include in this number (1) all timeshare sales that occurred in Missouri, or timeshare sales that occurred outside Missouri but involved a timeshare interest located in Missouri, (2) if closing costs were charged, and (3) if the sale occurred between January 1, 2015 and December 31, 2020.

31. Plaintiffs seek recession of all contracts entered into between Defendants and members of the Class. If such relief were to be granted, rescission of those contracts involves an amount in controversy well above CAFA's jurisdiction threshold of $5 million. Thus, the amount in controversy requirement for removal is satisfied.

### III.
### PLEADINGS AND PROCESS

32. As required by 28 U.S.C. § 1446(a), Westgate has attached to this Notice of Removal copies of all state court process and pleadings served on the Westgate Defendants.

### IV.
### NOTICE GIVEN

33. Written notice of the filing of the Notice of Removal will be promptly served on all counsel of record in the state court proceeding, and a copy will be promptly filed with the Clerk of the Circuit Court of Taney County, Missouri, pursuant to 28 U.S.C. § 1446(d).

### V.
### REMOVAL IS TIMELY FILED

34. This Notice has been timely filed within thirty (30) days of service of process of the Summonses and Complaint on Westgate Defendants, as allowed by 28 U.S.C. § 1446(b), which is within thirty (30) days of the filing of this Notice of Removal.

35. The 1-year limitation on removal under 28 U.S.C. § 1446(c)(1) does not apply to class action removals under the Class Action Fairness Act. 28 U.S.C § 1453(b).

### VI.
### RULE OF UNANIMITY

36. Because this matter involves removal of a purported class action, the rule of unanimity does not apply and the consent of the other Defendants is not required for removal. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in

7

accordance with section 1446…except that such action may be removed by any defendant without the consent of all defendants.").

## V.
## VENUE

37. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Circuit Court of Taney County, Missouri, which is included in the Western District of Missouri, Southern Division.

## VI.
## NON-WAIVER OF DEFENSES

38. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Westgate Defendants' right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to compel the representative Plaintiffs to arbitrate their cases on an individual basis, pursuant to written agreement to arbitrate and 9 U.S.C. §§ 1 *et seq*., and/or opposition to any attempt to certify a class in this or any other case.

**ACCORDINGLY**, because this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Westgate Marketing, LLC, Westgate Resort Sales, Inc., and Westgate Resorts, Limited Partnership, hereby remove this action from the Circuit Court of Taney County, Missouri, to this Court.

ARMSTRONG TEASDALE LLP

By: */s/ Christopher D. Baucom*
    Christopher D. Baucom   #56465
    Christopher R. LaRose   #59612
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    cbaucom@atllp.com
    clarose@atllp.com

ATTORNEYS FOR WESTGATE DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of November, 2021, a true and accurate copy of the foregoing was e-filed with the Court's electronic filing system, to be served to all attorneys of record and via U.S. Mail to:

M. Scott Montgomery
MONTGOMERY AND NEWCOMB LLC
435 E. Walnut Street
Springfield, Missouri 65806

*Attorneys for Plaintiffs*

Brian M. Wacker
Christopher O. Miller
SMITHAMUNDSEN LLC
120 S. Central Avenue, Suite 700
St. Louis, Missouri 63105

*Attorneys for Defendant Engineering Company*

                                    */s/ Christopher D. Baucom*